## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

BLAKE ROBERTS and
KELLY ROBERTS,

        Plaintiffs,                          Case No.

vs.

FEDERAL INSURANCE
COMPANY,

        Defendant.

_____/

## **COMPLAINT**

Plaintiffs, BLAKE ROBERTS and KELLY ROBERTS ("Plaintiffs"), by and through the undersigned counsel, hereby sue Defendant, FEDERAL INSURANCE COMPANY ("Defendant" or "Federal"), and as grounds therefor state as follows:

1.    Plaintiffs are citizens of the State of Florida. Defendant, Federal Insurance Company, is a foreign corporation which is incorporated under the laws of a foreign state and has its principal place of business in a foreign state. The amount in controversy, exclusive of interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

2.    Defendant, Federal Insurance Company, is incorporated under the laws of Indiana with its principal place of business in Indiana.

3.     This is an action against Defendant, Federal Insurance Company, which arises under 28 U.S.C. §1367(a) for state law claims authorized by Congress to be brought in a federal case under the Court's Supplemental Jurisdiction.

4.     Defendant executed and delivered an all-risk policy of insurance to Plaintiffs, effective from November 17, 2018 to November 17, 2019, covering Plaintiffs' residence against all losses unless specifically excluded. A copy of the policy is attached as **Exhibit A**.

5.     On or about April 2, 2019, Plaintiffs suffered a covered loss at their Insured Property as a result of a shower pan failure in the master bathroom.

6.     Plaintiffs timely reported the loss and damages to Federal and fully cooperated with Federal and its agents/representatives' investigation of their claim.

7.     Federal underpaid, undervalued, and otherwise unnecessarily delayed resolution of Plaintiffs' claim.

8.     Defendant made Plaintiffs wait approximately one year from the date of loss before the Insureds' contractor, 411 Restoration, was able to begin the required work to Plaintiffs' Insured Property.

9.     Defendant did not tender sufficient insurance proceeds to cover the total costs needed in order to return the Insured Property back into its

pre-loss condition. This required Plaintiffs to come out-of-pocket to ensure the Insured Property was restored to its pre-loss state.

10.   On or about May 17, 2020, Plaintiffs' made a supplemental claim for additional living expenses.

11.   For some unexplained reason, Defendant wanted to open a new "COVID-19" claim as to the updated additional living expenses aspect of the claim. Plaintiffs explained that a new claim was unnecessary as the updated additional living expenses requested was in relation to their April 2, 2019, loss.

12.   On or about June 17, 2020, Defendant, instead of supplementing or opening a new claim, decided to outright deny the additional living expenses request.

13.   However, on or about June 18, 2020, DBI (Defendant's retained vendor), informed Defendant that restoration of the property was still underway, and because of Defendant's initial delays, the length of time to restore the property was necessary and reasonable under the circumstances.

14.   After this report, Defendant tendered two months' rent and utilities which had been wrongfully withheld from Plaintiffs since May of 2020.

15.   Repairs to Plaintiffs' residence were finally complete on July 15, 2020, more than one year and three months post-loss.

3

16.    On September 3, 2020, Plaintiffs contacted Defendant requesting a supplemental payment based on the total amounts invoiced by the contractor for restoration of the property, final apartment expenses, and reminding Defendant of the outstanding additional living expenses still due and owing from May of 2020.

17.    To date, Defendant has refused to fully indemnify Plaintiffs for their losses, and damages to Plaintiffs are still due and owing for additional living expenses, partial buildout restoration costs, mold remediation, and personal contents.

18.    Plaintiffs retained TRIAD Restoration Services to independently inspect and evaluate the damages sustained to the Insured Premises, and to render a separate estimate of personal property losses. The TRIAD estimates are attached as **Composite Exhibit B**.

19.    As a direct and proximate result of Defendant's breach of contract, Plaintiffs have suffered damages as recoverable under the applicable insurance policy as to the dwelling, additional living expenses, mold remediation, and personal contents, consequential damages plus the applicable interest rate, and all other elements of damages provided for in the policy of insurance.

20.    Plaintiffs have performed all conditions precedent to this action and/or these conditions were waived or excused.

4

21.    Finally, and as a direct result of Defendant's breach of its insurance contract, it has been necessary for Plaintiffs to incur and become obligated for attorney's fees and costs in the prosecution of this action. Section 627.428, Florida Statutes provides for the recovery of such attorney's fees in the event of such need.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in favor of Plaintiffs for an amount in excess of the jurisdictional requirements of 28 U.S.C. §1332, together with costs, interest, and attorney's fees under Fla. Stat. § 627.428.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by jury on all issues so triable.

DATED this 9th day of September, 2022.

DANAHY & DUNNAVANT, P.A.

s/ *Erin E. Dunnavant*
_____
**ERIN E. DUNNAVANT, ESQUIRE**
Florida Bar No. 89328
901 West Swann Avenue
Tampa, Florida 33606
(813) 906-1841
(813) 579-1912 (fax)
E-Service:
erin@danddlaw.com
damian@danddlaw.com
service@danddlaw.com
*Attorney for Plaintiffs*

5