## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BLAKE ROBERTS and KERRY ROBERTS,**

        **Plaintiffs,**

**v.**                            **Case No: 6:22-cv-1653-WWB-EJK**

**FEDERAL INSURANCE COMPANY,**

        **Defendant.**

### ORDER

This cause comes before the Court on Defendant's Motion for Reconsideration (the "Motion") (Doc. 34), filed June 28, 2023. Plaintiffs have responded in opposition. (Doc. 35.)

This is a residential insurance policy dispute. (Doc. 17.) Defendant sought to amend its Corrected Answer and Affirmative Defenses (Doc. 26) to assert an additional affirmative defense after the deadline for doing so had passed. (Doc. 31.) On June 26, 2023, the undersigned denied Defendant's Motion to Amend, finding, first, that Defendant had not addressed the good cause inquiry of Rule 16, and even if it had, Defendant had not established diligence under Rule 16. (Doc. 33.) Defendant now asks the Court to reconsider that Order, which Plaintiffs oppose. (Docs. 34, 35.)

Reconsideration of a court order is an extraordinary remedy and power that should be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport*

*Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv-2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus. Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). To that end, courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Defendant spends the bulk of its Motion attempting to relitigate its Motion to Amend. (Doc. 34.) Defendant argues that it was diligent in seeking to depose Plaintiffs prior to the motion to amend pleadings deadline and argues additional factors it contends support good cause to amend its Answer. However, the Motion does not address any of the three grounds for reconsideration. The instant Motion presents no intervening change in controlling law; cites no new evidence; and presents no grounds to find that the Court's Order was clearly erroneous or manifestly unjust. The Motion does present information that was not included in the Motion to Amend, but Defendant does not assert that this information was unavailable at the time that motion was filed. "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions." *Sussman*, 153 F.R.D. at 694.

For these reasons, the Court finds no basis to reconsider its prior Order. However, in the interest of justice and the Court's strong preference for deciding issues on the merits, *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014), the undersigned will allow Defendant to amend its Answer. The parties have through May 2024 to engage in discovery (Doc. 21), and the undersigned finds no prejudice will result in allowing Defendant to amend.

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration (Doc. 34) is **GRANTED IN PART AND DENIED IN PART**. Defendant **SHALL** file its Amended Answer and Affirmative Defenses **on or before August 2, 2023**.

**DONE** and **ORDERED** in Orlando, Florida on July 19, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE